IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA CRUTCHLEY AND MARK CRUTCHLEY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| I-FLOW, INC., HOSPIRA, INC., ABBOTT LABORATORIES, APP PHARMACEUTICALS, INC., APP PHARMACEUTICALS LLP, ABRAXIS BIOSCIENCE, INC., and LESLIE HUBBARD JACOBSON | : | 09-35 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, J.**                                                                                           **MARCH 11, 2009**

Plaintiffs Donna and Mark Crutchley filed an action in Philadelphia Court of Common Pleas against defendants I-Flow, Inc. ("I-Flow"), Hospira, Inc., Abbott Laboratories, APP Pharmaceuticals, Inc., APP Pharmaceuticals LLP, Abraxis Bioscience, Inc., and Leslie Hubbard Jacobson ("Jacobson").[1] I-Flow filed a notice of removal. The court will grant plaintiffs' motion to remand.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Donna Crutchley seeks compensatory and punitive damages resulting from the use of a "pain pump," I-Flow's ON-Q® PainBuster® Post-Op Pain Relief System, to inject sustained doses of pain medication over a 48 hour period subsequent to shoulder surgery. Her claims are against I-Flow, the manufacturer of the pain pump, Jacobson, the sales representative

---

[1]Plaintiffs also filed against AstraZeneca Pharmaceuticals LP, AstraZeneca LP, Zeneca Holdings, Inc., and Watson Pharmaceuticals, Inc., but these defendants have since been dismissed.

allegedly responsible for marketing the pump to her surgeon, and the manufacturers of pain medications allegedly injected through the pump.  Plaintiff Mark Crutchley, Donna's husband, brings a derivative claim for loss of consortium.

Donna Crutchley underwent arthroscopic shoulder surgery and was treated by means of the pain pump on or about November 2, 2006.  Subsequent to her surgery, Ms. Crutchley experienced long-term and debilitating deterioration of the cartilage in the shoulder where the medication was injected.  On September 9, 2008, a physician informed Ms. Crutchley that her shoulder condition may have resulted from the pain pump used in her surgery.  (Pls' Memorandum in Reply to Defendants' Opposition to Motion to Remand, Ex. B.)

Plaintiffs filed in Philadelphia Court of Common Pleas on November 24, 2008, listing nine counts in their claim:  count I for negligent failure to warn; count II for negligent misrepresentation; count III for fraud / misrepresentation; count IV for strict products liability; count V for strict products liability arising out of failure to warn; count VI for breach of implied warranty; count VII for breach of express warranty of fitness for a particular purpose; count VIII for loss of consortium; and count IX for punitive damages.  It is unclear from the complaint itself how many of these counts properly include Jacobson as a defendant.

In their complaint, plaintiffs make these allegations concerning Jacobson's involvement in Donna Crutchley's injury:

> (1) she was an I-Flow sales representative who marketed and promoted the pain pump to Dr. Jaeger, plaintiff's surgeon (Pls.'Complaint, ¶30);
> (2) she knew or reasonably should have known that the pain pump was unreasonably dangerous and defective when used as directed and as designed (Id., ¶¶40-42);
> (3) she had actual knowledge of the I-Flow pump's defect and that the pump was never tested for safety (Id., ¶¶40-42);
> (4) she intentionally or negligently failed to warn the surgeon of the pain pump's defect or

>even that the pain pump had not been tested for the safe use of intra-articular catheter placement (Id., ¶41);
>and (5) she negligently and intentionally made misrepresentations to Dr. Jaeger regarding the safety of I-Flow's pain pumps, Dr. Jaeger's reliance on which, ultimately led to him to use the pain pump to inject medication into Donna Crutchley's shoulder following surgery and in turn to plaintiffs' injury. (Id., ¶¶47-61).

The Crutchleys are citizens of Pennsylvania. I-Flow is a corporation incorporated in Delaware with its principal place of business in California. Defendant Abbott Laboratories is incorporated in and has its principal place of business in Illinois. Defendants Hospira, Inc., APP Pharmaceuticals, Inc., APP Pharmaceuticals LLP, and Abraxis Bioscience, Inc., are all Delaware corporations with their principal places of business in Illinois. Jacobson is a citizen of Pennsylvania.

On January 5, 2009, I-Flow filed a notice of removal based on diversity. I-Flow claimed plaintiffs fraudulently joined Jacobson solely to prevent removal. Plaintiffs filed the pending motion to remand on January 26, 2009.

## II.   DISCUSSION

An action filed in state court may be removed to federal court if a federal court would have original jurisdiction. 28 U.S.C. § 1441(a). A state-court action on a state-law claim is not ordinarily removable unless complete diversity exists between the parties. Id. There is an exception in cases of "fraudulent joinder," where it is obvious that a non-diverse defendant was joined solely to defeat diversity jurisdiction. In re Briscoe, 448 F.3d 201, 215-16 (3rd Cir. 2006).

A court may find that a non-diverse defendant was joined fraudulently when no reasonable basis in fact or law supports a claim against that defendant, or if plaintiffs fail to evince any good faith intention to prosecute the action against the defendant or seek a joint

judgment.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3rd Cir. 1985).  A clearly time-barred claim against a non-diverse defendant is not colorable in determining whether removal is proper.  Briscoe, 448 F.3d at 219.

Removal statutes are strictly construed against removal and all doubts should be resolved in favor of remand.  Id., 448 F.3d at 217.  "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  Batoff v. State Farm Insurance Co., 977 F.2d 848, 851 (3rd Cir. 1992).  "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."  Id., 977 F. 2d at 853.

An action removed to federal court must be remanded once the court determines it lacks subject-matter jurisdiction.  28 U.S.C. § 1447(c).  A federal court deciding whether removal was proper must establish subject matter jurisdiction before inquiry into the merits of plaintiffs' claims.  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990).  A claim against a non-diverse party might not be strong enough to survive a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) and yet not be fraudulent so that remand is required.  Batoff, 977 F.2d at 852.  When evaluating whether to remand, the court must assume the truth of plaintiffs' factual allegations.  Id., 977 F.2d at 851-852.

Defendants assert that joinder of Jacobson as to counts I through V, VIII, and IX is obviously fraudulent because those claims are time-barred.[2]  Pennsylvania's statute of limitations

---

[2] Defendants also argue that counts IV through VI are not actionable under Pennsylvania law.  The court does not need to address at this time whether defendants are correct.

for tort claims is two years after the injury could or should have been discovered through reasonable diligence.  42 Pa. C.S.A. § 5524(7); see Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471-72 (Pa. 1983).

Donna Crutchley underwent shoulder surgery and was treated with the pain pump on November 2, 2006.  The Crutchleys did not file their suit until November 24, 2008, more than two years after Donna's surgery and injection, but they claim they did not discover that Donna Crutchley's injury may have resulted from the pain pump's use until being informed by a physician on September 9, 2008.  Whether or not the Crutchleys, with reasonable diligence, should have known earlier than they did that her injury might have resulted from the conduct of defendants is a question of material fact that must be determined in state court before removal is possible.

Defendants argue that even if plaintiffs filed timely, joinder of Jacobson was fraudulent because they can not reasonably prevail in any tort claim against her for Ms. Crutchley's injury.  Defendants aver that Jacobson was not responsible for marketing the pain pump to Donna Crutchley's surgeon, but plaintiffs allege facts sufficient to suggest Jacobson could be liable.

There may be a colorable state claim against defendant Jacobson; joinder of Jacobson as a defendant was not necessarily fraudulent.  The court will not address the contractual claims at this time.  If defendants succeed in having Jacobson dismissed as a party within one year of the state court filing so that there would be complete diversity, removal would then be permissible.  28 U.S.C. § 1446(b).  Plaintiffs' motion for remand will be granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA CRUTCHLEY AND MARK CRUTCHLEY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **I-FLOW, INC., HOSPIRA, INC., ABBOTT LABORATORIES, APP PHARMACEUTICALS, INC., APP PHARMACEUTICALS LLP, ABRAXIS BIOSCIENCE, INC., and LESLIE HUBBARD JACOBSON** | : | **09-35** |

**ORDER**

AND NOW, this 11th day of March, 2009, upon consideration of plaintiffs' motion for remand and defendants' response in opposition, it is **ORDERED** that:

1. Plaintiffs Donna and Mark Crutchley's Motion for Remand (paper no. 22) is **GRANTED**.

2. The Clerk of Court is directed to return the record in this case, together with a certified copy of this Memorandum and Order, to the Prothonotary for the Court of Common Pleas of Philadelphia County.

        /s/ Norma L. Shapiro
        Norma L. Shapiro, J.